```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 UNITED STATES OF AMERICA,
                                                MEMORANDUM & ORDER
                -against-                       22-CR-247(EK)

 FRANKLYN STERLING,

                         Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

  Defendant Franklyn Sterling is charged with one count of attempted possession of a substance containing cocaine with intent to distribute. He moves to suppress evidence contained on two cell phones that the government identified, in the relevant search warrant affidavit, as "Device A" and "Device B." Sterling argues that the warrant authorizing the search was not supported by probable cause. *See* Def. Mem. in Supp. of Pretrial Mots. ("Def. Mem.") 6-8, ECF No. 20-1.

  As described more fully below, the motion to suppress the contents of Device A is denied (for now) as premature, because the government has stated that it has not yet been able to recover any evidence from that device. The motion to suppress the contents of Device B is denied because Sterling lacks standing to seek that relief. I also deny as premature certain of Sterling's requests for relief relating to Rule 16 discovery and other disclosures.

1

## A.   Sterling's Motion to Suppress the Contents of Device A Is Premature

The government represented at the December 14, 2022 status conference that it has not been able to access or recover any evidence from Device A,[1] though its efforts remain ongoing. *See* Dec. 14, 2022 Hr'g Tr. 3:10-20, ECF No. 31.  This remained the case as of the January 10, 2023 status conference.  *See* Jan. 10, 2023 Hr'g Tr. 3:6-13, ECF No. 35.  Because there is currently nothing to suppress, and Sterling's motion "depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all," this motion is not ripe for review.  *See United States v. Traficante*, 966 F.3d 99, 107 (2d Cir. 2020).[2]  The Court therefore denies Sterling's motion to suppress and his *Franks* hearing request with respect to Device A, with leave to renew should the government succeed in obtaining evidence from the cellphone at a later date.  *See, e.g.*, *United States v. Hunt*, No. 18-CR-475, 2022 WL 1153985, at *2 (D. Or. Apr. 19, 2022) (denying, with leave to renew, motion to suppress as moot where law enforcement had not yet obtained any evidence from cellphone); *United States v. Mayer*, No. 19-CR-

---

[1] On December 21, 2022, at the Court's invitation, Sterling submitted a sworn affidavit claiming an ownership interest in Device A.  *See* Ex. B, Sterling Aff., ECF No. 28-2.

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

0096, 2019 WL 5149879, at *1 (D. Minn. June 25, 2019), *R. & R. adopted*, No. 19-CR-0096, 2019 WL 3956496 (D. Minn. Aug. 22, 2019) (same).

**B.   Sterling Lacks Standing to Challenge the Search of Device B**

As Sterling conceded at the December 14, 2022 status conference, he lacks standing under the Fourth Amendment to challenge the search warrant with respect to Device B.  *See* Dec. 14, 2022 Hr'g Tr. 3:21-4:5.  Indeed, Sterling has indicated that he has no property interest in the phone because it belongs to another person.  *See, e.g.*, Def. Letter 2, ECF No. 26.

A "defendant's Fourth Amendment rights are violated only when the challenged conduct invaded *his* legitimate expectation of privacy rather than that of a third party." *United States v. Haqq*, 278 F.3d 44, 47 (2d Cir. 2002).  "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure."  *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978); *see, e.g.*, *United States v. Dore*, 586 F. App'x 42, 46 (2d Cir. 2014); *United States v. Ray*, 541 F. Supp. 3d 355, 380 (S.D.N.Y. 2021).  Thus, the motion to suppress the contents of Device B is denied.

**C.   Sterling's Motions for Disclosures Are Denied as Premature**

Sterling's various motions for pretrial disclosure, Def. Mem. 9-12, are denied without prejudice.  His request for

3

the early disclosure of materials the government seeks to introduce pursuant to Federal Rule of Evidence 404(b), which requires only "reasonable notice of any such evidence," is denied as premature. Fed. R. Evid. 404(b)(3)(A); *see, e.g.*, *United States v. Ahmed*, 94 F. Supp. 3d 394, 439 (E.D.N.Y. 2015) (collecting cases). Sterling's requests for additional Rule 16 discovery and for *Brady* and *Giglio* material are likewise denied as premature. The government has acknowledged and represented compliance with its continuing discovery obligations, *see* Gov't Mem. in Opp. to Def. Mot. to Suppress 13, ECF No. 22, and Sterling has not identified any reason to suggest otherwise. *See, e.g.*, *United States v. Mohamed*, 148 F. Supp. 3d 232, 246 (E.D.N.Y. 2015) (denying motion to compel *Brady* and *Giglio* materials); *United States v. Barret*, 824 F. Supp. 2d 419, 453–54 (E.D.N.Y. 2011) (denying motion to compel Rule 16 discovery). Indeed, at the January 10 status conference, Sterling agreed on the record that no request for discovery or disclosure requires a decision at this time. *See* Jan. 10, 2023 Hr'g Tr. 4:8-13, 5:24-6:2.

Finally, Sterling's request for the early disclosure of materials pursuant to the Jencks Act, 18 U.S.C. § 3500, is denied because the statute prohibits district courts from mandating the pretrial production of such materials. *See United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001); *United States*

4

*v. Badoolah*, No. 12-CR-774, 2014 WL 4793787, at *17 (E.D.N.Y. Sept. 25, 2014).

        SO ORDERED.

                                            /s/ Eric Komitee  
                                        ERIC KOMITEE  
                                        United States District Judge

Dated:    January 13, 2023  
            Brooklyn, New York