```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 UNITED STATES OF AMERICA,
                                              MEMORANDUM & ORDER
                -against-                     22-CR-247(EK)

 FRANKLYN STERLING,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Defendant Franklyn Sterling is charged with attempted possession of a substance containing cocaine, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Trial is scheduled to begin on February 22, 2023. Among other pretrial motions, the government moves to admit, and Defendant moves to exclude, evidence of Sterling's 2016 conviction for narcotics trafficking. For the reasons set out below, the government's motion is granted, and Defendant's motion is denied.[1]

---

[1] As discussed during the February 6, 2023 pretrial conference, the Court is deciding these motions in limine before jury selection based on the parties' apparent intent to include a *voir dire* question about jurors' ability to consider prior convictions evidence only for proper purpose(s). This ruling, however, is preliminary and remains "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.* at 41-42; *see also United States v. Ulbricht*, 79 F. Supp. 3d 466, 478 (S.D.N.Y. 2015) ("*In limine* rulings occur pre-trial, and that fact has significance. The evidence at trial may come in differently than anticipated, altering the solidity of the proffered basis for a pre-trial ruling.").

### I.   Background

The Court assumes familiarity with the government's theory of the case, as set forth in its motion in limine and elsewhere. Gov't Mot. in Limine ("Gov't Mot.") 2–3, ECF No. 37; *see* Compl., ECF No. 1. The government seeks to prove at trial that Sterling arranged with several co-conspirators to receive over five kilograms of cocaine from a cooperating witness (the "CW") who had transported that cocaine from Panama through John F. Kennedy International Airport. Gov't Mot. 2.[2] As relevant here, the government intends to introduce evidence that Sterling called the CW and told him he was coming to pick up "zapatillas" (Spanish for "shoes") on behalf of "Canelo." *Id.* at 3. According to the government, Sterling then arrived at the CW's location driving a car, with another individual, Luis Salinas, riding with him. *See id.*; Compl. ¶ 5. While Sterling remained in the car, Salinas met the CW and received from him a bag containing "replica" cocaine. Gov't Mot. 3; Compl. ¶ 6. Salinas took the bag and placed it into the car, at which time both Sterling and Salinas were arrested. Gov't Mot. 3.

During briefing on his motion to suppress and request for a *Franks* hearing, Sterling provided two sworn affidavits —

---

[2] According to the government, the CW was arrested at the airport with the cocaine shortly after arriving from Panama, but then agreed to cooperate with law enforcement and participate in a controlled delivery of the drugs. *Id.*

one from him, the other from Salinas — disputing the government's case theory. *See* Ex. 1 ("Salinas Aff."), ECF No. 25; Ex. B ("Sterling Aff."), ECF No. 28-2. Both Sterling and Salinas averred that Salinas asked Sterling to drive him to a hotel in Queens to pick up a bag of clothing. Sterling Aff. ¶ 4; Salinas Aff. ¶ 4.[3] Thus, by his own words, Sterling put his knowledge and intent in dispute.

## II. Motions in Limine

Both parties have filed motions regarding Sterling's prior conviction for narcotics trafficking; the government argues that evidence of that crime should be admitted, while Sterling argues that it should be excluded. The 2016 conviction occurred in the federal District Court for the District of Vermont. Sterling pleaded guilty to one count of distributing heroin, in violation of 21 U.S.C. § 841(a)(1). Gov't Mot. 4. The government seeks to introduce, at a minimum, Sterling's admission in his plea agreement that he distributed both cocaine and heroin on multiple occasions in 2015. *Id.* The government also seeks to introduce evidence showing that the narcotics Sterling distributed in that case were imported from Panama, as

---

[3] In his affidavit, Salinas stated that the bag of clothing was from Panama, and that he had previously picked up packages of clothing and shoes (and only these items) sent from Panama. Salinas Aff. ¶¶ 4-5. He further averred that Sterling did not speak with anyone on the phone during the drive, but that he called the person from whom he was picking the bag of clothing. *Id.* ¶¶ 6-7.

well as recordings of his conversations with an undercover agent during which he referred to narcotics using code words. *Id.* at 4, 5.

This prior conviction evidence, the government argues, is probative of Sterling's knowledge that he was picking up narcotics, not clothing or shoes, and his intent to import narcotics from Panama. *Id.* at 5-6. The government expects Sterling to claim, as he did in his affidavit, that he thought he was picking up clothing. *Id.* at 5. This expectation is also predicated on Sterling's statement to the CW that he would be picking up "zapatillas" (or shoes) from him.

Sterling primarily argues that such evidence is highly prejudicial and risks the jury finding guilt here based on a prior conviction. Def. Mot. in Limine ("Def. Mot.") 4-6, ECF No. 39-2. At the pretrial conference, Sterling's counsel declined (not surprisingly) to concede that knowledge and intent will not be disputed at trial. *See* Feb. 6, 2023 Pretrial Conf. Tr. 6:24-7:3, ECF No. 52.

### III. Legal Standard

Rule 404(b) prohibits the introduction of prior crimes evidence to show a defendant's propensity to commit the charged crime. *See* Fed. R. Evid. 404(b)(1). The Second Circuit, however, follows an "inclusionary" approach to Rule 404(b), allowing "such evidence to be admitted for any purpose other

4

than to demonstrate criminal propensity." *United States v. Zhong*, 26 F.4th 536, 551 (2d Cir. 2022).[4] Some such proper purposes are listed in the Rule itself, including intent, knowledge, absence of mistake, and lack of accident. Fed. R. Evid. 404(b)(2).

Rule 404(b) is only one impediment to the admission of Sterling's conviction. The evidence must also be carefully scrutinized under Rule 403, which precludes the admission of evidence that would be substantially more prejudicial than probative. *See* Fed. R. Evid. 403. And the risk of prejudice is heightened where — as here — a defendant stands trial for an offense that is the same as, or very similar to, the offense of the prior conviction. *See United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009) ("[J]urors [may] believe that if a defendant previously was convicted of drug offenses, there is a high probability that he is guilty of the drug offense for which he is on trial.").

Taken together, the district court must therefore consider whether: "(1) the prior crimes evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the evidence was substantially

---

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

5

outweighed by its potential for unfair prejudice pursuant to Rule 403;" and (4) "an appropriate limiting instruction" would be feasible. *Id.* at 475 (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

### IV. Discussion

#### A. Rule 404(b)

Turning to the first two *Huddleston* prongs together, Sterling's prior conviction must be offered for a proper purpose and relevant to a disputed issue. The Second Circuit has cautioned that, where prior convictions are at issue, "the line between intent or knowledge" — permissible Rule 404(b) purposes — "and character or propensity is often a fine one." *Id.* Moreover, when other crimes evidence is offered to establish a defendant's knowledge or intent, the government must "identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." *Id.* Indeed, "[i]f the government cannot identify a similarity or some connection between the prior and current acts, then evidence of the prior act is not relevant to show knowledge and intent." *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002).

The government argues that evidence relating to Sterling's prior conviction — which includes evidence that he previously distributed cocaine imported from Panama and used

6

code words to refer to narcotics — is probative of Sterling's knowledge and intent to import narcotics from Panama and his use of code in this case. *See* Gov't Mot. 5-6. Knowledge and intent are proper purposes under Rule 404(b), and those issues are indeed in dispute. Moreover, given the similarities between the 2015 conduct and the instant offense, that evidence is relevant to disputed issues.

First, Sterling's knowledge and intent are disputed, given his prior attestation that he believed he was simply picking up clothing. *See Garcia*, 291 F.3d at 137 (finding knowledge and intent "squarely placed in issue" where the defendant disputed the topic of a phone conversation using code and argued he knew nothing about code). Sterling has not removed intent and knowledge from the case — for example, by making a "statement to the court of sufficient clarity to indicate that the issue[s] will not be disputed." *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992). When asked about this issue at the pretrial conference, defense counsel confirmed the Court's prediction that Sterling would "not say at this point that knowledge and intent are not disputed." Feb. 6, 2023 Pretrial Conf. Tr. 6:24-7:3; *see, e.g.*, *McCallum*, 584 F.3d at 475-76; *Pitre*, 960 F.2d at 1119-20.

Second, the government has identified sufficient "similarit[ies]" or "connection[s]" between Sterling's 2016

7

conviction and the instant offense. *See McCallum*, 584 F.3d at 475. According to the government, Sterling's 2015 narcotics transactions demonstrate that on more than one occasion, he distributed cocaine imported from Panama, and that he used code words in the process. These features parallel the allegations of the newly charged conduct. *See United States v. Gaviria*, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (finding evidence that defendants used code words to discuss prior heroin purchases "shed light upon the defendants' use of code words" to discuss cocaine purchase); *see also Garcia*, 291 F.3d at 137–38 (identifying the use of code as an indicium of similarity between the instant and prior conduct).

Evidence that Sterling previously used code words to discuss narcotics is relevant and probative, in particular, to any defense that Sterling believed he was driving to pick up clothing or shoes. The government (and the Court) reasonably expect that Sterling may deny the use of code words here and take the position that "zapatillas" really did refer to shoes. The prior conviction evidence is therefore relevant to whether Sterling, despite his referring to "shoes," knew and intended otherwise. This evidence would also tend to rebut a claim of mistake on the same subject.

Thus, I find that evidence relating to Sterling's 2016 conviction is being offered for a proper purpose — to show

8

knowledge and intent — and is relevant to those issues, which remain in dispute at this time.

**B.    Rule 403**

Even if Rule 404(b) evidence is offered for a proper purpose and relevant, "the district court must determine if its potential for unfair prejudice substantially outweighs its probative value." *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011); *see* Fed. R. Evid. 403.  Not all prejudice qualifies as unfair: "[E]vidence is unduly prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Kadir*, 718 F.3d 115, 122 (2d Cir. 2013) (emphasis removed).  The Rule 403 inquiry requires the court to "carefully scrutinize both the basis for the claimed relevance of prior crimes evidence and the balance between its probative value and prejudicial effect." *McCallum*, 584 F.3d at 476.  Where the "other act evidence [has] a high possibility of jury misuse but [has] only slightly more probative value than other evidence on the same issue," the Court should not admit it.  *See Curley*, 639 F.3d at 57 (citing *McCallum*, 584 F.3d at 477).

Here, the danger of unfair prejudice does not substantially outweigh the probative value of Sterling's prior crime.  On the one hand, as discussed above, this evidence is

9

significantly probative of Sterling's knowledge and intent (both elements of the charged offense) to participate in trafficking cocaine. *See Pitre*, 960 F.2d at 1119-20. Evidence that Sterling previously used code to describe narcotics and imported those narcotics from Panama goes directly to the disputed issues in this case — that is, whether he knew he was receiving drugs, not clothing or shoes, from Panama and was using code to describe those drugs. The government, moreover, has indicated that it does not have "any other direct evidence" of Sterling's knowledge of the cocaine. Feb. 6, 2023 Pretrial Conf. Tr. 12:20-14:10; *see McCallum*, 584 F.3d at 477 (directing courts to consider the availability of other, less prejudicial evidence, as well as the cumulative effect of that evidence).

On the other side of the ledger, this evidence is not unfairly prejudicial. The Second Circuit has repeatedly declined to find probative evidence unduly prejudicial under Rule 403 where it "did not involve conduct more inflammatory than the charged crime." *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999); *see Pitre*, 960 F.2d at 1120 (finding no unfair prejudice where "evidence of prior narcotics transactions did not involve conduct any more sensational or disturbing than the crimes with which the [defendants] were charged"). Such is the case here: the government represents that Sterling's prior conviction involved the sale of relatively small amounts of

10

heroin and cocaine, while his current offense involves attempted possession of several kilograms of cocaine. Gov't Opp'n to Def. Mot. in Limine 3, ECF No. 41. Nor have courts precluded, on prejudice grounds, prior narcotics-related evidence that involves the same or similar offense for which the defendant is being tried. *See, e.g., United States v. Nyenekor*, 784 F. App'x 810, 815 (2d Cir. 2019) (finding plea colloquy relating to drug sales not unfairly prejudicial, where defendant was charged with cocaine possession with intent to distribute); *United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006) (finding prior cocaine convictions not unfairly prejudicial, where defendant was charged with cocaine possession with intent to distribute). Indeed, those similarities between the prior and instant offenses are what make that prior conviction relevant and probative in the first place.

The Court is sensitive to the fact that introducing a defendant's prior drug conviction may run some risk of jurors improperly using it as propensity evidence. *See McCallum*, 584 F.3d at 476. To mitigate any risk of unfair prejudice, I will deliver a limiting instruction to the jury as to the narrow purposes for which it may consider this evidence. *See, e.g., Paulino*, 445 F.3d at 223.

11

## V. Conclusion

For the foregoing reasons, the government's motion is granted, and Defendant's motion is denied.[5]

SO ORDERED.

　　　　　　　　　　　　　　　　　/s/ Eric Komitee
　　　　　　　　　　　　　　　　ERIC KOMITEE
　　　　　　　　　　　　　　　　United States District Judge

Dated:　　February 12, 2023
　　　　　　Brooklyn, New York

---

[5] The Court's ruling now does not prevent Sterling from removing issues of knowledge and intent from dispute — and thus potentially obviating the admissibility of this evidence — at a later time. *See United States v. Colon*, 880 F.2d 650, 658–59 (2d Cir. 1989) (holding Defendant's amended defense theory, proffered immediately prior to opening statements, sufficiently removed the issue of intent such that the court should have precluded prior acts evidence).

12